UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH PEPE III | CIVIL ACTION |
| VERSUS | NO. 23-1435 |
| NEW YORK LIFE INSURANCE COMPANY | SECTION "R" (5) |

## ORDER

In 2022, plaintiff Joseph Pepe III brought three actions in Louisiana state court against his former employer, defendant New York Life Insurance Company ("NYL"), alleging that NYL and its employees retaliated against plaintiff after he raised concerns about illegal actions at NYL. Plaintiff further alleged that NYL engaged in covert monitoring and recording of employees, covered up harassment, threats, and extortion, and filed a false fraud report with the Louisiana Insurance Department. NYL removed the three cases to this Court,[1] and subsequently filed motions to consolidate the actions and to compel arbitration and stay the proceedings.[2] On February 7,

---

[1] *See Pepe v. New York Life Ins. Co.*, No. 22-4005 (E.D. La.)*; Pepe v. Gill*, No. 22-4012 (E.D. La.); *Pepe v. Bowers*, No. 22-4015 (E.D. La.).

[2] *See Pepe v. New York Life Ins. Co.*, No. 22-4005 (E.D. La.), R. Doc. 9*; Pepe v. Gill*, No. 22-4012 (E.D. La.), R. Doc. 11; *Pepe v. Bowers*, No. 22-4015 (E.D. La.), R. Doc. 10.

2023, the Court granted NYL's motions.[3] In deciding to compel arbitration and stay proceedings, the Court concluded that there is a valid agreement to arbitrate and "clear and unmistakable evidence" that the parties intended to arbitrate the issue of arbitrability.[4]

Despite the Court's order compelling arbitration, plaintiff failed to commence arbitration proceedings against NYL. Instead, on April 5, 2023, plaintiff filed this action in state court against NYL, alleging in part that he was retaliated against for being a whistleblower.[5] NYL removed the action on April 28, 2023, and the case was transferred to this Court due to its relation to the three consolidated cases subject to the arbitration order.[6]

On May 25, 2023, NYL filed an unopposed motion to dismiss or, alternatively, to compel arbitration in this action.[7] On January 4, 2023, Chief Magistrate Judge Michael North issued a Report and Recommendation ("R&R") recommending that the Court stay and administratively close this matter pending resolution of any arbitration proceeding.

---

[3] *See Pepe v. New York Life Ins. Co.*, No. 22-4005 (E.D. La.), R. Doc. 20; *Pepe v. Gill*, No. 22-4012 (E.D. La.), R. Doc. 15; *Pepe v. Bowers*, No. 22-4015 (E.D. La.), R. Doc. 13.
[4] *See Pepe v. New York Life Ins. Co.*, No. 22-4005 (E.D. La.), R. Doc. 20; *Pepe v. Gill*, No. 22-4012 (E.D. La.), R. Doc. 15; *Pepe v. Bowers*, No. 22-4015 (E.D. La.), R. Doc. 13.
[5] R. Doc. 1-3.
[6] R. Doc. 6.
[7] R. Doc. 13.

No party objected to the R&R. Therefore, the Court reviews the R&R for clear error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b) advisory committee's note (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). The Court finds no clear error.

Accordingly, the Court adopts Magistrate Judge North's R&R as its opinion. The Court GRANTS IN PART and DENIES IN PART defendant's motion to dismiss or, alternatively, to compel arbitration.[8] The Court GRANTS defendant's request to compel arbitration and to stay the proceedings pending arbitration. Accordingly, this matter is stayed and administratively closed pending resolution of any arbitration proceeding. The Court DENIES defendant's request to dismiss the complaint.

New Orleans, Louisiana, this __22nd__ day of January, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[8]  R. Doc. 32.

3